UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEO MOSS, | : | |
| | : | CIVIL ACTION NO. 3:20-0184 |
| Petitioner | : | |
| | : | (JUDGE MANNION) |
| v. | : | |
| | : | |
| A. BRADLEY, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Leo Moss, an inmate confined in the Allenwood Federal Correctional Complex, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Moss challenges the Federal Bureau of Prisons' ("BOP") prior custody credit determination and the fact that he believes his federal sentence should be concurrent as opposed to consecutive to his state sentence. Id. For relief, Petitioner seeks to have his federal and state sentence run concurrently. Id. For the reasons that follow, the Court will deny the petition for writ of habeas corpus.

### I.   Background

On July 18, 2011, petitioner was arrested by Florida authorities on various state charges. (Doc. 13-1 at 9-26). While in state custody, on

September 27, 2011, a federal grand jury in the Southern District of Florida indicted petitioner in case number 1:11-20671-CR for carjacking, in violation of 18 U.S.C. §2119(1), (2) (count one), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.§924(c)(1)(A)(ii) (count two). (Doc. 13-1 at 37-39).

On October 18, 2011, pursuant to a writ of habeas corpus *ad prosequendum*, the United States Marshals Service transported petitioner to appear in United States court on his federal charges. (Doc. 13-1 at 42). Petitioner pled guilty to both counts of the federal indictment, and United States District Court Judge Ursula Ungaro sentenced him to a total term of 120 months imprisonment. (Doc. 13-1 at 43-44). Judge Ungaro did not specify whether the 120 month term was to run concurrently or consecutively to petitioner's state term. Id.

On February 12, 2015, petitioner was returned to state custody, in the Eleventh Judicial Circuit for Miami-Dade County, Florida, Circuit Court Judge Jorge Rodriguea-Chomat sentenced petitioner on three separate state cases: F11-011784, F11-018878, and F11-018879A. (Doc. 13-1 at 9-26). Judge Rodriguea-Chomat ran the three sentences concurrent to each other, but specifically ordered them to run consecutive to the federal sentence. Id.

Petitioner's pre-sentence custody began on July 28, 2011 and was credited against his state sentence. (Doc. 13-1 at 27-29). On April 1, 2016, petitioner's state prison sentences expired, and he began serving his federal sentence. Id.

On June 23, 2016, petitioner moved under 28 U.S.C. §2255 to vacate his carjacking conviction, (Doc. 13-1 at 48), which was ultimately denied. (Doc. 13-1 at 63). While the §2255 motion was pending, petitioner requested that the BOP run his federal sentence concurrently with his state sentences. (Doc. 13-1 at 5). In a letter dated October 26, 2016, the BOP reached out to Judge Ungaro to inquire if she intended for Petitioner's federal sentence to run concurrently with his state sentences. (Doc. 13-1 at 28). Judge Ungaro did not respond. (Doc. 13-1 at 5). On January 24, 2017, after reviewing the factors listed in 18 U.S.C. §3621(b), the BOP determined that Petitioner's federal sentence should not run concurrently with his state sentences. (Doc. 13-1 at 30).

On September 25, 2019, Petitioner filed his first writ of habeas corpus under 28 U.S.C. §2241, requesting credit against his federal sentence for time previously served in Florida custody. (Doc. 13-1 at 71). On December 19, 2018, Judge Ungaro noted that Petitioner had been transferred to the

- 3 -

United States Penitentiary, Hazelton, in Hazelton, West Virginia. (Doc. 13-1 at 79). Accordingly, she believed her court did not have jurisdiction to entertain the petition and transferred the matter to the Northern District of West Virginia. Id. On March 4, 2019, the Northern District Court of West Virginia dismissed the petition without prejudice for Petitioner's failure to comply with local rules and file his petition on court-approved forms. Id.

On August 16, 2019, Petitioner sent a letter to Judge Ungaro, claiming that the sentences in his three state cases were to "r[u]n concurrent with [his] federal time." (Doc. 13-1 at 83). Petitioner complained that he did not receive credit against his federal sentence for his years in state custody. Id. Judge Ungaro construed petitioner's letter as a motion to amend the judgment. (Doc. 13-1 at 86). Recognizing that petitioner was asking her "to run his sentence in [his federal] case concurrent with his sentence in his [s]tate case[s]," Judge Ungaro, citing to Setser v. United States, 566 U.S. 231, 236 (2012) for the proposition that Judges have discretion to select whether the sentences they impose will run concurrently or consecutively, saw "no reason to depart from the sentence [she] imposed" and denied the motion. (Doc. 13-1 at 86).

- 4 -

On September 25, 2019, petitioner filed a second petition for writ of habeas corpus under §2241, in the Eastern District of Kentucky ("EDKY"), where he was incarcerated at the time. (Doc. 13-1 at 88). Moss again sought for his state and federal sentences to run concurrently, entitling him to credit for time served in state custody. Id. Petitioner again alleged that "the state court expressly ordered that [his] state sentence run concurrently with [his] federal sentence." Id.

In an Opinion and Order dated October 3, 2019, the District Court for the EDKY denied the petition. (Doc. 13-1 at 100). The Court noted that the BOP had already considered and rejected Petitioner's request, and it found that their decision was not an abuse of discretion. Id. The court determined that it was "not entitled to substitute its own judgment for that of the BOP," and ultimately denied the habeas corpus petition and struck petitioner's action from the Court's docket. Id.

On February 5, 2020, Moss filed his third petition under §2241, again alleging that he should receive credit against his federal sentence for time served on his state sentences. (Doc. 1). Petitioner argues that he should receive this credit through retroactive designation of his state custody as the initial place of confinement for his federal sentence. Id.

## II.     Discussion

Respondent argues that the habeas petition should be dismissed because it is a successive petition barred by the abuse of writ doctrine. (Doc. 13). The Court agrees. When a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine, as set forth in 28 U.S.C. §2244(a), may bar his claims:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. §2244(a).

The abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."). The government bears the burden of pleading abuse of the writ. See id. at 494-95; Zayas v. I.N.S., 311 F.3d 247, 254 (3d Cir. 2002). The

- 6 -

burden then shifts to the petitioner to disprove abuse by showing cause and prejudice. See McClesky, 499 U.S. at 494.

Moss previously raised the issues in the instant habeas petition in an identical habeas petition filed in the United States District Court for the Eastern District of Kentucky, which was denied on the merits on October 3, 2019.

Petitioner, once again argues that "federal authorities made a mistake in failing to designate the state prison as the place of confinement for his federal sentence" and that "[t]he designation is a necessary prerequisite to carrying out the intention of the state sentencing court that his state sentence be served concurrently with his federal sentence." (Doc. 2 at 4).

Initially, the Court notes that Petitioner is mistaken in his belief that his state sentences were to run concurrently with his federal sentence. Although Petitioner's state court judgments reflect that his state sentences are to run concurrent with each other, they clearly indicate that they are to run "consecutive to federal sentence." (Doc. 13-1 at 14, 20, 26). In fact, a September 28, 2018 email from Florida's Department of Corrections confirms that while the Department initially "indicated his Florida sentences were concurrent to each other and his federal sentence, [t]his was incorrect"

- 7 -

and "upon further review today these sentences are consecutive to his federal sentence in Case 11-2067-CR-UNGARO." (Doc. 13-1 at 8). Thus, Petitioner's argument that he is entitled to credit on his federal sentence for time served on his state sentence as a concurrent sentence is without merit. This Court agrees with the EDKY's determination that 18 U.S.C. §3585(b)[1]

---

[1] In addressing his request for credit spent in state custody, the EDKY found the following:

> Section 3585(b) does not permit Moss to receive the credit he seeks. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:
>
> > (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> >
> > (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> >
> > > (1) as a result of the offense for which the sentence was imposed; or
> > >
> > > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> >
> > that has not been credited against another sentence.
>
> 18 U.S.C. §3585. See also BOP Program Statement 5880.28.
>
> Under Section 3585(a), Moss's sentence commenced when he was received into federal custody to begin service of it in April 2016. Jones v. Eichenlaub, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010) ("A consecutive [federal] sentence imposed

*(footnote continued on next page)*

- 8 -

does not permit Petitioner to receive credit for the time he spent in Florida custody because that time had already been credited to his state sentence. (Doc. 13-1 at 103-104); see also United States v. Wilson, 503 U.S. 329, 335 ("[A] defendant [can] not receive a double credit for his detention time" under §3585(b)).

Likewise, the BOP did not abuse their discretion by failing to designate his state prison where he was serving his state sentence as a federal facility so that the time spent there could be credited toward his federal sentence, i.e., designating the sentences to run concurrently. While Petitioner is correct that, in some circumstances, the BOP may designate a state facility as a place of service for a federal term of imprisonment, that authority, however, is extremely limited to a very narrow set of circumstances:

> If the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing

---

on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.") (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir.1992). Because Moss seeks credit for the approximately four years he spent in custody before that date, its availability is governed by Section 3585(b). However, because the time period Moss spent in state prison was credited against his five-year Florida sentences, it may not be "double counted" against his federal sentence. Broadwater v. Sanders, 59 F. App'x 112, 113-14 (6th Cir. 2003).

(Doc. 13-1 at 103-104).

> court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. §3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent. The BOP may implement such a designation *nunc pro tunc*.

See McCarthy v. Warden, No. 12-cv-846, 2013 WL 3943551, *3 (M.D. Pa. July 29, 2013). In considering such a request, the BOP has a duty to apply the following §3621(b) factors: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence ... (5) any pertinent policy statement issued by the Sentencing Commission[.]" Allen v. Warden McKean FCI, 701 Fed. Appx. 80, 83 n. 8 (3d Cir. 2017) (quoting 18 U.S.C. §3621(b)). The BOP adduces the intent of the sentencing court by reviewing "the judgment of convictions, as well as federal and state sentencing data." See Prescod v. Schuylkill, 630 Fed. Appx. 144, 147 (3d Cir. 2015). If the BOP's determination affects the duration of a prisoner's sentence, the BOP's decision is subject to habeas corpus review for abuse of discretion. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

As previously determined by the United States District Court for the Eastern District of Kentucky:

> In this case, Moss sought such relief by asking the BOP to retroactively designate the state prison where he served his state sentence as the "place of confinement" for his federal sentence. The BOP considered that request, but ultimately declined to make such a designation. [D. E. No. 1-2 at 2]. This Court can only review the BOP's decision for an abuse of discretion and is not entitled to substitute its own judgment for that of the BOP. Eccleston v. United States, 390 F. App'x 62, 64-65 (3d Cir. 2010) ("The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice."). Nothing in the record suggests that the BOP considered impermissible factors or otherwise abused its discretion by declining to grant retroactive relief. That decision was not palpably at odds with the federal trial judge's decision to not direct concurrent sentencing when the federal judgment was imposed or the judge's decision not to respond to the BOP when Moss sought a retroactive designation.

(Doc. 13-1 at 106-107). This Court agrees with the United States District Court for the Eastern District of Kentucky. There simply is no evidence that Petitioner's federal sentence was intended to run concurrently with his state sentences or that the BOP improperly failed to designate the Florida state prison as the place of service of his federal sentence *nunc pro tunc*.

Because Petitioner's claims raised in the instant petition have already been adjudicated on the merits adversely to him by the sentencing court and

in a prior §2241 petition, the Court will deny the Petition as an abuse of the writ as codified under §2244(a), as the claims raised in the instant petition fail on the merits for the reasons previously found by the sentencing court and the EDKY,

III. <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATED: November 9, 2022**
20-0184-01